Campbell, Chief Justice,
delivered the opinion of the court:
The plaintiff had a contract for coal at $3.25 a gross ton f. o. b. mines at Mabie, West Virginia. The coal was for the plaintiff’s own use. The contract made provision for an increase or decrease of the price according as the production cost should increase or decrease. There had been an increase in the cost of production. The plaintiff was required by the contract to pay about the middle of each month for coal shipped during the preceding month.
In December, 1917, coal was shipped to the plaintiff to the amount of fourteen carloads, for which plaintiff paid at the increased rates provided for in the contract the sum of $2,213.35. This coal did not reach the plaintiff, because the fourteen cars were diverted by the Federal Fuel Administration of the State of Maryland, acting under instructions of the United States Fuel Administrator, and they were consigned to persons or corporations at or near Baltimore. Subsequently the Fuel Administration offered to pay plaintiff the price fixed by the President’s proclamation, namely, $2.45 per net ton. The plaintiff, however, refused to settle on these terms and insisted upon $3.80 per gross ton, that being the price which it had paid under its contract. The plaintiff’s suit is to recover this sum of $2,213.35, alleged to be the proper price for the coal.
*96 The Government raises the question of jurisdiction, relying on the Pfitsch case, decided by the Supreme Court of the United States June 1, 1921, 258 U. S. 547.
The distribution of the cars of coal by the Fuel Administrator was in virtue of what is known as the Lever Act (act August 10, 1917, 40 Stat. 276), and by the agencies adopted by the President under authority conferred by that act. If the diversion of the coal by order of the Fuel Administrator amounted to a requisition of the coal under the terms of the tenth section of the Lever Act the Court of Claims would be without jurisdiction, because section 10 confers jurisdiction on the United States District Courts. Pfitsch case, supra. It does not appear that the coal was taken by the United States for public use. If through the distribution of shipments by the Fuel Administrator plaintiff’s coal was diverted to others, we do not find in section 145 of the Judicial Code or in the Lever Act, outside of section 10, any authority for requiring the United States to pay therefor. As to whether the coal was requisitioned under section 10 we express no opinion.
The petition must be dismissed. And it is so ordered.
Geaham, Judge; Hay, Judge; DovtNey, Jxcdge; and Booth, Judge, concur.